UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20483-CR-SCOLA(s)

UNITED STATES OF AMERICA,

v.

ANDRES VARGAS,

        Defendant.
_____/

## FACTUAL PROFFER

If this matter were to proceed to trial, the Government would prove the following facts beyond a reasonable doubt. The Parties agree that these facts, which do not include all facts known to the Government and the Defendant, Andres Vargas, are sufficient to prove the guilt of the Defendant of Count 1 of the above-referenced Superseding Indictment (hereinafter "Indictment").

From in or around January 2006, through in or around June 2008, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the Defendant, his co-conspirators, and others, knowingly and intentionally conspired to commit wire and bank fraud. During the charged conspiracy, all of the wire transfers that represented the mortgage and home equity line-of-credit (HELOC) proceeds for the financing of the properties originated outside the State of Florida, and were transmitted to the accounts of the title/settlement agent within the State of Florida. In addition, First Franklin Financial Corp., Washington Mutual Bank, Wells Fargo Bank, National City Bank, and IndyMac Bank F.S.B. were federally regulated banks, the accounts of which were insured by the Federal Deposit Insurance Corporation. As to the

1

Defendant, during the course of the charged conspiracy, the applicable fraud loss was more than $400,000, but less than $1,000,000.

During the charged conspiracy, the Defendant owned and operated America Home Inspections Inc. and AV Property Management Corp. Kasa Mortgage, a mortgage brokerage company was owned by co-conspirator Keskea Hernandez-Frei and utilized by the Defendant and his co-conspirators to purchase, sell, and/or finance properties through fraudulently obtained loans. During the charged scheme, the Defendant participated in meetings at the Kasa Mortgage office in Miami, FL, with co-conspirators Hernandez-Frei, Mariela Hernandez, Ana Taveras, Maribel Diarth, and Carmen Ramos (the Defendant's wife), among others, where they discussed which straw buyers would be used, what properties to target, how everyone would be paid, and which fraudulent bank and wire fraud scheme to employ.

Through Kasa Mortgage, the Defendant and his co-conspirators would prepare, and cause to be prepared, fraudulent loan applications and sales contracts on behalf of the buyers for selected properties, as set forth in the Indictment. The straw buyers' loan applications falsified the buyers' intent to use the property, income, employment, and assets. The loan applications and related documents contained numerous false statements and representations relating to information necessary for lenders to assess the buyers' qualifications to borrow money, including purchase prices and the buyers' employment, income, deposits, assets, liabilities, other loan applications, and intent to make the property a primary residence. The false and fraudulent documents were used to induce the lenders to fund mortgage and HELOC loans to purchase and finance the properties. Once the loan applications were approved, the Defendant and other key participants siphoned off the loan proceeds and distributed the funds

in and amongst themselves.

As part of the charged scheme, co-conspirator Elayne Gutierrez and other closing agents conducted real estate closings via offices in Miami, Florida. Gutierrez and other co-conspirators created, and caused to be created, false and fraudulent HUD-1 Statements. The HUD-1 Statements falsely reflected that the cash-to-close for the loan was provided by the borrower. In fact, the cash-to-close was not supplied by the borrower or was supplied by co-conspirators and other persons and entities at their direction. In some instances, Gutierrez and the co-conspirators fraudulently created multiple HUD-1 Statements for the same transaction and submitted different HUD-1 Statements to the seller (the "seller HUD-1") and to the lender ("lender HUD-1"). The lenders approved the mortgage and HELOC applications based on the false and fraudulent loan applications and HUD-1 Statements submitted.

Once the mortgage and HELOC applications were approved, the lenders would wire the loan proceeds to Gutierrez or other closing agents, in Miami, FL, for distribution at the closing. Thereafter, Gutierrez and other co-conspirators disbursed the loan proceeds to the sellers prior to and without receiving the cash-to-close payments from the buyers, contrary to the representations in the HUD-1 Statements. Gutierrez and the other closing agents also disbursed loan proceeds to co-conspirators, contrary to the representations in the HUD-1 Statements.

During the course of the charged conspiracy, the Defendant, in concert with his wife, co-conspirator Carmen Ramos, participated in the fraudulent purchase, finance, and sale of 1200 Brickell Bay Drive #2219, Miami, FL, and 1200 Brickell Bay Drive #2120, Miami, FL.

1200 Brickell Bay Drive #2120, Miami, FL

On February 9, 2006, co-conspirator Maribel Diarth fraudulently purchased #2120. The

3

Defendant's wife served as the realtor for Diarth's fraudulent purchase. The seller only agreed to sell #2120 for approximately $365,000. The HUD-1 form provided to the seller stated that: 1) the purchase price was $365,000; 2) the seller proceeds were $271,486.68; and 3) Diarth paid $353,314.60 as the cash-to-close. However, the HUD-1 submitted to the lender listed that: 1) the purchase price was $600,000; 2) the seller proceeds were $509,106.68; and 3) Diarth paid $121,610.65 as the cash-to-close.

In fact, Diarth and the co-conspirators obtained approximately $486,000 in fraudulent loans and Diarth never paid any cash-to-close obligation. On February 13, 2006, upon Diarth's fraudulent purchase, the settlement agent also wired $98,445.85 to the Defendant's company, America Home Inspectors Inc., which was not disclosed on the HUD-1 form submitted to the lender. The wire memo stated "cash to seller" and contained the same file number listed on the lender HUD-1 form. Thereafter, these funds were disbursed to other accounts controlled by the Defendant and his wife.

On June 9, 2006, Diarth fraudulently sold #2120 to straw buyer "N.V." for the same price: $600,000. Contrary to the HUD-1 form submitted to the lender, N.V. never paid any cash-to-close. Instead, Diarth's seller proceeds were fraudulently used to pay N.V.'s cash-to-close. In order to conceal and further the fraud scheme, the Defendant and his wife also collected rent on the property at least through 2008.

### 1200 Brickell Bay Drive #2219, Miami, FL

On February 9, 2006, co-conspirator Diarth also fraudulently purchased #2219. Again, the Defendant's wife served as the realtor for Diarth's fraudulent purchase. The seller only agreed to sell #2219 for approximately $330,000. However, the HUD-1 form submitted to the

4

lender stated that the purchase price was $600,000. Diarth and her co-conspirators obtained approximately $486,000 in fraudulent loans and Diarth never paid any cash-to-close obligation.

On September 7, 2006, Diarth fraudulently sold #2219 to straw buyer "N.V." for the same price: $600,000. Co-conspirator Gutierrez served as the settlement agent for N.V.'s purchase, and Diarth's seller proceeds were fraudulently utilized to pay N.V.'s cash-to-close obligation. In order to conceal and further the fraud scheme, the Defendant's wife paid unit dues and fees on the property at least through 2007.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 6/13/12     By: _____
                  SEAN T. McLAUGHLIN
                  ASSISTANT UNITED STATES ATTORNEY

Date: 6-13-12     By: _____
                  SCOTT WILLIAM SAKIN, ESQ.
                  ATTORNEY FOR DEFENDANT

Date: 6/13/12     By: _____
                  ANDRES VARGAS
                  DEFENDANT

5